# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-6915-GW (PLAx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | *QBE Ins. Corp. v. Cortes* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | | |
| None Present | None Present | | |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

     QBE Insurance Corporation ("Plaintiff") alleges a claim for declaratory relief against Galdino Navarro Cortes ("Defendant"), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *See* Compl. ¶ 8, Docket No. 1. As the party asserting jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists before this matter proceeds further. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). Plaintiff's jurisdictional allegations are presently insufficient.

     Plaintiff states that Defendant "is an individual *residing* in the state of California, County of Los Angeles" *See* Compl. ¶ 3 (emphasis added). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is the place he or she physically resides with intent to make it a fixed and permanent home, while residence means living in a particular locality. *Id*.

     Plaintiff is hereby ordered to amend the Complaint to cure this jurisdictional defect by November 20, 2015, or to otherwise show cause by that date as to why this action should not be dismissed for lack of subject matter jurisdiction due to the aforementioned defect. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). If Plaintiff elects to amend the Complaint – and does so only in this regard – the parties may stipulate to keeping the motion presently set for December 14, 2015, on-calendar, but as applied to the newly-amended complaint.

| | : | |
|---|---|---|
| Initials of Preparer | JG | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6915-GW (PLAx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | *QBE Ins. Corp. v. Cortes* | | |

  The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in the action.

:

Initials of Preparer JG